**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Teresa and George Payne, Intervenors, Appellants.

South Carolina Department of Social Services, Respondent,

v.

Brittany Payne and George Payne, Jr., Respondents.

In the interest of minors under the age of eighteen.

Appellate Case No. 2018-000152

Appeal From Lexington County
Robert E. Newton, Family Court Judge

Unpublished Opinion No. 2019-UP-274
Submitted June 27, 2019 – Filed July 23, 2019

**REVERSED AND REMANDED**

John Stephen Keffer, of Young, Keffer & Donnald, PA, of Sumter, for Appellants.

A. Bea Hightower, of Aiken & Hightower, of Columbia, for Respondent Brittany Payne.

John Clark Phillips, Jr., of Law Office of John C. Phillips, Jr., of Columbia, for Respondent George Payne, Jr.

Scarlet Bell Moore, of Greenville, for Respondent South Carolina Department of Social Services.

Brett Lamb Stevens, of Stevens Law, LLC, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** George and Teresa Payne (Grandparents) appeal an order denying their motion to intervene in a Department of Social Services (DSS) removal action involving their grandchildren. On appeal, Grandparents argue the family court erred in denying their motion to intervene. We reverse and remand.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). However, "a family court's evidentiary or procedural rulings . . . [are] review[ed] using an abuse of discretion standard." *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018).[1]

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's

---

[1] The de novo standard of review that is generally applicable in family court proceedings allows this court to find facts in accordance with our view of the preponderance of the evidence. *See Brown v. Odom*, 425 S.C. 420, 429, 823 S.E.2d 183, 187 (Ct. App. 2019) ("In a de novo review, the appellate court is free to make its own findings of fact . . . ."); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("Article V, § 5 of the South Carolina Constitution provides in relevant part that our appellate jurisdiction in cases of equity requires that we 'review the findings of fact as well as the law.'"). However, this is an appeal from a procedural question that is reviewed under an abuse of discretion standard. *See Brown*, 425 S.C. at 429, 823 S.E.2d at 187 ("[E]videntiary and procedural rulings of the family court are reviewed for an abuse of discretion." (citing *Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2)). Thus, we are not free here to find facts in accordance of our view of the preponderance of the evidence.

claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Rule 24(b), SCRCP. The permanency planning statute provides, "Any . . . party in interest may move to intervene in the case pursuant to the rules of civil procedure and if the motion is granted, may move for review." S.C. Code Ann. § 63-7-1700(J) (Supp. 2018). "'Party in interest' includes . . . an individual with physical or legal custody of the child . . . ." S.C. Code Ann. § 63-7-20(17) (Supp. 2018). "Generally, the rules of intervention should be liberally construed whe[n] judicial economy will be promoted by declaring the rights of all affected parties." *Ex Parte Gov't Emp.'s Ins. Co.*, 373 S.C. 132, 138, 644 S.E.2d 699, 702 (2007).

The family court abused its discretion by not considering the factors set forth in Rule 24(b) when determining whether to permit intervention. *See Stoney*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (providing a family court's procedural rulings are reviewed under an abuse of discretion standard). When the children were removed, Grandparents had physical custody of the children through a safety plan; thus, Grandparents were parties in interest and could move to intervene pursuant to section 63-7-1700(J). *See* § 63-7-20(17) (providing a "party in interest" includes "an individual with physical or legal custody of the child"). The plain language of section 63-7-1700(J) contemplates permissive rather than mandatory intervention. *See id*. ("Any . . . party in interest may move to intervene . . . pursuant to the rules of civil procedure and *if the motion is granted*, may move for review." (emphasis added)). Thus, the proper framework for analyzing this intervention is Rule 24(b), which governs permissive intervention.

Rule 24(b) requires the court to consider whether the intervention is timely and "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *See id*. ("Upon *timely* application anyone may be permitted to intervene in an action . . . . In exercising its discretion the court *shall* consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." (emphases added)). However, nothing in the record indicates the family court considered the timeliness of the motion or whether intervention would prejudice the original parties. The family court considered the merits of Grandparents' underlying request for placement rather than the procedural question of whether they should be permitted to intervene. Nothing suggests the family court weighed the considerations set forth by Rule

24(b), which was error.  Thus, this case is reversed and remanded for a new hearing on Grandparents' motion.  At the hearing, the family court shall consider their motion to intervene within the framework of Rule 24(b).  We offer no opinion as to whether Grandparents' intervention was warranted or appropriate.

**REVERSED AND REMANDED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.